IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NICHOLAS TODD FREED,** ) | | |
| ID #47726-177, ) | | |
| Movant, ) | | |
| vs. ) | No. 3:17-CV-1666-L-BH | |
| ) | No. 3:14-CR-75-L | |
| ) | | |
| **UNITED STATES OF AMERICA,** ) | | |
| Respondent. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 2), received on June 23, 2017, should be **DENIED** with prejudice.

**I. BACKGROUND**

Nicholas Todd Freed (Movant) challenges his federal conviction and sentence in Cause No. 3:15-CR-75-L. The respondent is the United States of America (Government).

**A.     Plea and Sentencing**

On October 29, 2014, Movant was charged by superseding information with attempted possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 846 (count one); possession of a document-making implement with the intent that it be used in the production of a false identification document or another implement or feature in violation of 18 U.S.C. § 1028(a)(5) (count two); and possession of obscene visual representations of the sexual abuse of children in violation of 18 U.S.C. § 1466A(b)(1) (count three). (*See* doc. 27.)[1] He pleaded

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-75-L.

guilty to the information on November 25, 2014. (*See* doc. 71.)

In a factual resume, Movant admitted that during a search of his computers and thumb-drive devices, law enforcement agents discovered files in the thumb-drive devices that contained visual depictions of minors engaging in sexually explicit conduct that was obscene. (*See* doc. 31 at 6.) He admitted that he knowingly possessed the images and videos on a thumb drive device and that he used a computer and the thumb-drive device to facilitate the offense of possession of obscene visual representations of the sexual abuse of children. (*See id*. at 6-8.)

On March 2, 2015, the United States Probation Office (USPO) filed a Presentence Report (PSR) in which it applied the 2014 United States Sentencing Guidelines Manual (USSG). (*See* doc. 39-1 at 12, ¶ 34.) For count three, it found that the base level offense was 18. (*See id*. at 13, ¶ 49.) The images or material that Movant possessed on a thumb drive had been downloaded from his computer, so the PSR assessed two levels under USSG § 2G2.2(b)(6) because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material or for accessing with intent to view the material. (*See id*. at 14, ¶ 52.) After all of the increases for offense characteristics, the total offense level was 31. (*See id*. at 14, ¶¶ 50, 51, 53, 57.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 28. (*See id*. at 14-15, ¶¶ 63-65.) Because of an adjustment for multiple counts, that offense level of 28 applied to each count. (*See id*. at 14, ¶¶ 58-61.) Based on a criminal history category of one and an offense level of 28, the resulting guideline range was 78-97 months' imprisonment. (*See id*. at 21, ¶ 104.)

Just after the PSR was filed, Movant's new retained counsel filed a motion to substitute counsel. (*See* docs. 42, 43.) Counsel objected to the PSR and argued in part that USSG §

2

2G2.2(b)(6) should not apply. He contended that Congress directed a two-level enhancement where a computer was used to transport child pornography, that amendments to the guideline also targeted access or transmission through the internet, and that the guideline was not meant to apply to the use of a computer as a storage medium or as a means of moving files between storage mediums. Counsel claimed that the images were found on the computer and their presence was not known when Movant acquired it. He also contended that the computer was not used to obtain possession of the material. (*See* doc. 50 at 3-4.) On June 2, 2015, the USPO prepared an Addendum to the PSR that adhered to the application of the guideline. (*See* doc. 52-1 at 4.) Counsel objected again. (*See* doc. 54 at 2-4, ¶ 3.)

At the sentencing on June 22, 2015, Movant testified that he obtained the computer from someone he knew, the material was on the computer, and he transferred it to a thumb-drive in case he was ever arrested and prosecuted so that he could negotiate a deal and implicate the person from whom he obtained the computer. (*See id*. at 13-16.) He believed that the guideline did not apply to him because he did not use the internet to obtain the material, and his use of the computer to facilitate storage of the material was incidental. (*See id*. at 22-23.) Movant testified about his college plans and his regret for engaging in illegal activity. (*See id*. at 50-54.) He explained that he was under chemical influence when he committed the offenses, that he wanted to return to a normal, crime-free life, and that he had helped other inmates while incarcerated. (*See id*. at 66-69.) Movant's mother testified about his background. (*See id*. at 47-50.)

Counsel objected to the application of USSG § 2G2.2(b)(6). (*See* doc. 75 at 9-10, 13.) Neither he nor the court found Fifth Circuit cases that supported the objection. (*See id*. at 27.) The court overruled the objection and determined that the guideline applied. (*See id*. at 31-32.)

The court considered an upward non-guideline sentence based on several concerns. (*See id*. at 62-65.) The case involved deception and dishonesty, Movant made over $200,000 from producing false identification documents, he possessed U.S. Marshal and other law enforcement credentials, his vehicle was equipped with emergency lights, a siren and handcuffs were in the vehicle, and he committed the offenses while on bond or being charged for two other offenses. Finding ample reason to go above the guideline range in sentencing, the court nevertheless assessed a guideline sentence of 97 months' imprisonment, and the charges in the original indictment were dismissed. (*See id*. at 69-70.)

After the court announced conditions of supervised release, including the requirement that he register as a sex offender, Movant objected *pro se* that the possession of obscene visual representations of the sexual abuse of children was not an enumerated sex offense that required registration. (*See id*. at 81-82.) The court overruled the objection. (*See id*. at 82.)

On appeal, counsel filed a brief under *Anders v. California*, 386 U.S. 736 (1967), because there were no nonfrivolous issues for appellate review. *See United States v. Freed*, No. 15-10637 (5th Cir. June 22, 2016); (*see also* doc. 81). Movant filed a *pro se* brief that raised as grounds the application of USSG § 2G2.2(b)(6) and the imposition of special conditions of supervised release, including the sex offender registration requirement. *See Freed*, No. 15-10637 (Appellant's *pro se* brief filed Feb. 16, 2016). The Fifth Circuit dismissed the appeal because it presented no nonfrivolous issues. *See Freed*, No. 15-10637; (*see also* doc. 81.)

**B.    Substantive Claims**

The § 2255 motion raises the following grounds:

(1) Counsel was ineffective for failing to:

>   (a) investigate, assist in the preparation and presentation of objections, and cite case law regarding the application of the two-level enhancement under USSG § 2G2.2(b)(6);
>
>   (b) object to the imposition of special conditions of supervised release, including the registration requirement of the Sex Offender Registration and Notification Act (SORNA);
>
>   (c) investigate and present evidence of mitigating circumstances, prepare a sentencing memorandum, and argue for a non-guideline sentence.

(*See* 3:17-CV-1666-L, doc. 2 at 4-6, doc. 6 at 6, 14, 22.)  The Government filed a response.  (*See* doc. 21.)  Movant filed a reply.  (*See* doc. 30.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error.  *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of

judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair).

6

Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A. **USSG § 2G2.2(b)(6)**

Movant contends that counsel was ineffective at sentencing for failing to investigate, assist in the preparation and presentation of objections, and cite case law regarding the application of the two-level enhancement under USSG § 2G2.2(b)(6). He argues that counsel failed to cite to Public Law 104-71 and the stated reasons for USSG Amendments 537 and 664 in support of the objections to the enhancement. His reply also asserts that counsel was ineffective for allowing him to stipulate that he used a computer to possess the material. (*See* doc. 6 at 13.)

The 2014 version of § 2G2.2(b)(6) provided for an increase of two levels "[i]f the offense involved the use of a computer or an interactive computer service for the possession, transmission,

7

receipt, or distribution of the material, or for accessing with intent to view the material."

Public Law 104-71, 109 Stat. 774, which is entitled "The Sex Crimes Against Children Act" and was enacted on December 23, 1995, required the United States Sentencing Commission to amend the sentencing guidelines to increase the offense levels for violations of 18 U.S.C. §§ 2251, 2252, and 2423(a). It did not address sentencing guidelines regarding offenses under § 1466A, so it did not provide support for Movant's objection to the two-level enhancement.

As for Amendment 537, it revised former USSG § 2G2.4(b)(3) to provide for an increase of two levels "[i]f the defendant's possession of the material resulted from the defendant's use of a computer." The "Reason for Amendment" section provided that "[t]he enhancement in § 2G2.4(b)(3) applies only if the defendant's possession of the material resulted from the defendant's use of a computer." Section 2G2.4 was deleted in 2004 by Amendment 664, so it was not in effect at the time of Movant's offense.

Amendment 664 revised § 2G2.2, and the version of § 2G2.2(b)(6) in that amendment is identical to the 2014 version, except that the 2014 version also included the language, "or for accessing with intent to view the material." The "Reason for Amendment" section stated that "the amendment broadens the ['use of a computer'] enhancement by explicitly providing that the enhancement applies to offenses in which the computer or interactive computer service was used to obtain possession of child pornographic material. Prior to this amendment, the enhancement only applied if the computer was used for the transmission, receipt or distribution of the material." Although Movant argues that this showed that the enhancement only applied to material obtained from the internet, the "Reason for Amendment" section did not state that the enhancement applied only to offenses in which a computer was used to obtain possession of the material. There is no

8

commentary to Amendment 664 that addresses § 2G2.2(b)(6), and Movant has not shown that the use of his computer to possess the material was outside of § 2G2.2(b)(6). The Fifth Circuit case law that Movant claims should have been cited by counsel concerns the authoritative nature of commentary and other statements in the guidelines. There appears to be no Fifth Circuit case law regarding whether the guideline applies to a use of a computer such as that in this case.

As discussed, Movant argued on appeal that § 2G2.2(b)(6) did not apply based on the same authorities he now claims that counsel should have cited. The Fifth Circuit dismissed the appeal because it did not present any nonfrivolous grounds. *See Freed*, No. 15-10637. Because the Fifth Circuit has already determined that the underlying argument for the inapplicability of the guideline was frivolous, counsel was not ineffective for failing to present the authorities cited by Movant. *See United States v. Collazo-Alicea*, No. H-10-1671, 2012 WL 3205050 at * 4 (S.D. Tex. Aug. 3, 2012) (holding that because the Fifth Circuit rejected *pro se* issues as frivolous, the movant's § 2255 claim of ineffective assistance of appellate counsel for failing to raise those issues lacked merit). Counsel at sentencing was not ineffective for failing to make frivolous, meritless, or futile arguments. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). For the same reasons, Movant has not shown that counsel was ineffective for allowing him to stipulate that he used a computer to possess the material. He has not shown that he is entitled to relief on this claim.

**B.    SORNA**

Movant contends that counsel failed to object to the sex-offender special conditions of supervised release, including the duty to register under SORNA. He asserts that the PSR made no recommendation about special conditions, there was no notice that he might be subjected to the

special conditions, the court did not make findings related to the special conditions, the period of time that he must register under SORNA exceeded the statutory maximum punishment, and the offense was not one that required the special conditions and sex-offender registration.

As discussed, Movant raised the issues about the special conditions and SORNA registration on appeal, and the Fifth Circuit dismissed the appeal as frivolous. Counsel was not ineffective for failing to make frivolous, meritless, or futile arguments at sentencing. *See Kimler*, 167 F.3d at 893); *Koch*, 907 F.2d at 527. He has not shown that he is entitled to relief on this claim.

C. **Other Sentencing Issues**

Movant contends that counsel failed to investigate and present mitigating circumstances, file a sentencing memorandum, argue for a sentence lower than the guideline sentence, and relied solely on Movant's testimony as mitigating evidence. He asserts that counsel should have shown that his case was atypical.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that particular investigations are unnecessary. *See Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999). To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Counsel raised several objections to the PSR and addendum and presented testimony from Movant and his mother. Movant testified about the circumstances of the offenses, particularly count three. He has not shown what other evidence counsel should have discovered and presented. He has not shown that counsel's performance was deficient or that he was prejudiced by counsel's alleged inactions. Movant has not shown that he is entitled to relief on this claim.

10

## IV.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## V.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED on this 12th day of February, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE