IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS TODD FREED, <br> ID # 47726-177, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | § § § § § § § § § § § | <br><br><br><br><br> Civil Action No. **3:17-CV-1666-L** <br> (Criminal Action No. 3:14-CR-75-L) |

## MEMORANDUM OPINION AND ORDER

On February 2, 2019, United States Magistrate Judge Irma Ramirez entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 31), recommending that the court deny with prejudice Movant Nicholas Todd Freed's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Doc. 2), filed June 23, 2017. For the reasons that follow, the court **determines** that the findings and conclusions of the Magistrate Judge are correct, **accepts** them, as supplemented by this opinion, as of those of the court, and **denies with prejudice** Movant's § 2255 Motion (Doc. 2).

I. **Factual and Procedural Background**

On October 29, 2014, Movant was charged in the Superseding Information with three counts: (1) Attempted Possession with Intent to Distribute a Controlled Substance ("Count 1") in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) Possession of a Document-Making Implement ("Count 2") in violation of 18 U.S.C. § 1028(a)(5); and (3) Possession of Obscene Visual Representations of the Sexual Abuse of Children ("Count 3") in violation of 18 U.S.C. § 1466A(b)(1). Superseding Information, *United States v. Freed*, No. 3:14-cr-75-L (N.D. Tex. Oct.

29, 2014), Doc. 27. On November 25, 2014, Movant pled guilty to all charges. On June 22, 2015, he was sentenced to 97 months of confinement. He also received two years of supervised release for Counts 1 and 2, and three years of supervised release for Count 3 with a special condition that he comply with the Sex Offender Registration and Notification Act ("SORNA") by registering as a sex offender. Judgment, *Id.* at Doc. 59.

On appeal, the appointed Federal Public Defender filed a brief under *Anders v. California*, 386 U.S. 736 (1967) ("*Anders* Brief"), stating there were no nonfrivolous issues for appellate review. Movant filed a *pro se* brief in response challenging the two-level enhancement imposed on his sentence for Count 3 under § 2G2.2(b)(6) of the 2014 United States Sentencing Guidelines ("USSG" or "Guidelines"), and the special conditions imposed on his supervised release, including the requirement that he register as a sex offender. The Fifth Circuit agreed with the assessment in the *Anders* Brief and held that Movant's appeal presented "no nonfrivolous issue for appellate review." *United States v. Freed*, 667 F. App'x 118 (5th Cir. 2016). Accordingly, the Fifth Circuit dismissed the appeal.

On June 23, 2017, Movant filed his § 2255 Motion asserting that his counsel, Christopher Woodward, was ineffective because he failed to:

(a) investigate [and] assist in the preparation and presentation of objections, and cite case law regarding the application of the two-level enhancement under USSG § 2G2.2(b)(6);

(b) object to the imposition of special conditions of supervised release, including the registration requirement of [SORNA];

(c) investigate and present evidence of mitigating circumstances, prepare a sentencing memorandum, and argue for a non-guideline sentence.

Report 5; *see also* Doc. 2 at 4-6; Doc. 6 at 6, 14, 22. On December 1, 2017, the Government filed its response. Doc. 21.

On February 12, 2019, Magistrate Judge Ramirez entered the Report (Doc. 31), recommending that the court deny with prejudice Movant's § 2255 Motion. On March 1, 2019, Movant filed his Objections. Doc. 34. Movant asserts that the Magistrate Judge (1) incorrectly determined that the claims asserted in his § 2255 Motion were deemed frivolous by the Fifth Circuit based on his direct appeal; (2) misinterpreted the application of USSG § 2G2.2(b)(6); and (3) failed to recognize the specific evidence and testimony that he asserts his counsel should have presented at sentencing. Based on these same reasons, Movant maintains his assertion that his counsel was ineffective for (1) his failure to adequately object to the application of § 2G2.2(b)(6) and the special conditions imposed during sentencing; (2) allowing Movant to stipulate to the use of a computer; and (3) his failure to file a sentencing memorandum or argue for a non-guideline sentence. The Government did not file a response.

## II. Discussion

### A. Scope of the Direct Appeal and Fifth Circuit Decision

Movant objects "to the Magistrate Judge's finding that all issues presented in his § 2255 Motion were found to be frivolous in Movant's Direct Appeal." Movant's Obj. 1. Specifically, he contends that the grounds for his direct appeal, although "admittedly disheveled, disorganized[,] and poorly formatted," did not assert any of the allegations presented in his § 2255 Motion. Instead, he contends that his claims on direct appeal concerned procedural violations related to the enforceability of the waiver of appealability in his plea agreement and not "the propriety or fairness of the sentence." *Id.* 3. Thus, according to Movant, the Fifth Circuit merely determined that "the appeal waiver was valid and found that [he] had made no nonfrivolous arguments against enforcement of [the] wavier." *Id.* Accordingly, he contends that the Fifth Circuit decision has no bearing on the claims asserted in his § 2255 Motion.

He further attempts to distinguish between the claims asserted in his direct appeal and his § 2255 Motion by stating:

> Where the direct appeal assigned error to the District Court for not knowing, following and using this information without prompt or presentation, the § 2255 Motion assigns error to counsel for failing to present the information [regarding the applicability of § 2G2.2(b)(2) and SORNA] to the [c]ourt or prompt the [c]ourt as to its importance. The Fifth Circuit never heard any such arguments, nor ruled any such arguments to be frivolous, nor can there be any finding as frivolous of arguments that were never entered []or claims never made.

Movant's Obj. 4.

Upon review of the record, the court determines that Movant's interpretation is misguided, as he ignores the full assessment presented in the *Anders* Brief. In the *Anders* Brief, the Federal Public Defender asserted that Movant's waiver of appeal in his plea agreement bars the appeal of his conviction and that "[t]he sentence was neither procedurally or substantively unreasonable."[1] *Anders* Br. 2, *United States v. Freed*, No. 15-10637 (5th Cir. Nov. 5, 2015). It also discussed each of the exceptions[2] to the waiver of appeal and determined that none of them applied to Movant's conviction. It also asserted that "[t]he district court's consideration of objections and its review of the § 3353a factors was exhaustive." *Id.* 13.

---

[1] The Federal Public Defender also asserted that (1)"[t]he district court properly complied with Federal Rule of Criminal Procedure 11 and the United States Constitution at [Movant's] rearraignment"; and (2) "[t]he presentence report and sentencing complied with the Federal Rules of Criminal Procedure." *Anders* Br. 2, *Freed*, No. 15-10637. These two assertions are not being challenged by Movant.

[2] Movant's plea agreement states:

> Freed waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his convictions and sentences. He further waives his right to contest his convictions and sentences in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Freed, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum of punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his pleas of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

Plea Agreement ¶ 10, *United States v. Freed*, 3:14-cr-75-L (N.D. Tex. October 29, 2014), Doc. 29.

The Fifth Circuit held: "We have reviewed counsel's brief and the relevant parts of the record reflected therein, as well as Freed's response. *We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review*." *Freed*, 667 F. App'x at 118 (emphasis added). Thus, despite Movant's assertion that the Fifth Circuit decision only related to procedural defects in the wavier of appeal, the court can reasonably conclude that the Fifth Circuit ruling, in concurrence with the *Anders* Brief, held that no nonfrivolous issues, *whether procedural or substantive*, exist. While Movant could not raise his ineffective assistance of counsel claim on direct appeal, the issues underlying these claims relate directly to the substantive unreasonableness of his sentence, which the Fifth Circuit noted in concurrence with the *Anders* Brief, would be frivolous if raised on appeal. Although Movant's § 2255 Motion presents these arguments in the context of an ineffective assistance of counsel argument, the issues are so inextricably intertwined that the court cannot reasonably view them as separate arguments, especially when Movant's arguments focus more on the substantive issues with his sentence rather than his counsel's alleged inaction.

The court, therefore, determines that the Magistrate Judge, in accordance with the Fifth Circuit opinion, correctly concluded that the claims raised in Movant's § 2255 Motion are frivolous, and, thus Movant is not entitled to the relief sought. Accordingly, the court **overrules** Movant's objections concerning the applicability of USSG § 2G2.2(b)(6) and the imposition of special conditions, including the requirement to register as a sex offender, as his objections are also frivolous. While the court determines that this basis alone is sufficient to overrule all of Movant's objections, the court will, nevertheless, address each of them in turn.

B.  **Ineffective Assistance of Counsel**

1.  *Failure to Adequately Object to the Applicability of USSG § 2G2.2(b)(6)*

Movant contends that his counsel failed to assist in the preparation and presentation of objections to the applicability of the enhancement under USSG § 2G2.2(b)(6) and did not present related case authority and interpretive commentary. He further asserts that he was required to write, research, and present his own objections, which denied him the right to effective assistance of counsel and, absent counsel's ineffectiveness, the outcome would have been different. Primarily, Movant objects to the Magistrate Judge's interpretation of the 2014 version of § 2G2.2(b)(6) in the Guidelines, which warrants a two-level enhancement "if the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material[.]" He also objects to the Magistrate Judge's conclusion that he failed to demonstrate that his use of a computer in connection to Count 3 was beyond the scope of this provision.

Movant further contends that, based on the amendments and historical notes in the Guidelines related to § 2G2.2(b)(6), the enhancement does not apply to his sentence. Specifically, he asserts that he found the visual images at issue on a computer he received from someone else and that he only used the computer to download the images to a thumb drive to potentially blackmail the individual at a later date in exchange for leniency. This conduct, according to Movant, is atypical and does not fit the conduct contemplated by the drafters of § 2G2.2(b)(6) and, thus, is inapplicable.

Over several pages, Movant breaks down (1) Public Law 104-71, which increased the offense levels for offenses under 18 U.S.C. §§ 2251, 2252, and 2423(A); (2) Amendment 664 to the Guidelines, effective November 1, 2004, which in pertinent part deleted § 2G2.4(b)(3) and

amended § 2G2.2 by adding an earlier version of (b)(6); and (3) Amendment 537 to the Guidelines, which enacted the now-deleted § 2G2.4(b)(3). He then relies on the provision language, commentary, and historical notes of these amendments and statute to assert that the enhancement under § 2G2.2(b)(6), "only applies to offenses in which a computer or interactive computer service was used to obtain *possession* of" the material, and, therefore, does not apply to his conduct. Movant's Obj. 7 (emphasis added). The court disagrees and cannot reasonably accept the Movant's narrow analysis of the Guidelines because his interpretation is flawed.

As the Magistrate Judge addressed in the Report, Amendment 664 did not state that the enhancement *only* applied to offenses in which a computer was used to obtain possession of the material, but it *broadened* the provision to include such conduct. Movant admitted that he downloaded the material from a computer onto a thumb drive, but he also insists that the word "download" does not appear in § 2G2.2(b)6). His ultimate purpose for downloading the material is of no moment. That he downloaded the illicit material from the computer and stored it on a thumb drive found hidden in his garage can reasonably be considered possession or receipt of the material, which falls within the purview of § 2G2.2(b)(6). Despite his reliance on the historical context of § 2G2.2(b)(6), Movant fails to demonstrate how his conduct falls outside the contemplation of the provision and, instead, relies on conclusory statements and ill-supported arguments. Moreover, he does not cite to any applicable authority supporting an interpretation contrary to that of the court. The court, therefore, determines that Movant's conduct warranted the two-level enhancement.

Notably, Movant's counsel objected to the applicability of § 2G2.2(b)(6) at the sentencing hearing, which the Movant does not dispute. Thus, the crux of Movant's ineffective assistance of

counsel argument is not that his counsel failed to object, but that he did not proceed in the exact manner Movant desired.

To succeed on an ineffective assistance of counsel claim, as the Magistrate Judge properly stated, Movant must show that (1) counsel's performance was deficient; and (2) that the deficient performance caused prejudice to him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Movant's assertions, however, are insufficient to prove that counsel's performance was deficient. First, the Fifth Circuit has already determined that no nonfrivolous issue for appeal exists, which the court determines includes any arguments related to the substantive unreasonableness of Movant's sentence. Second, as the Magistrate Judge concluded, Movant's counsel cannot be deemed ineffective for failure to make arguments that would be frivolous or futile, such as introducing the commentary and historical notes of the Guidelines in this instance. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Finally, Movant has failed to demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. The court, therefore, determines that Movant has not established that his counsel's performance was deficient for failing to investigate, or to assist in the preparation and presentation of objections to the enhancement under § 2G2.2(b)(6).

Movant also failed to demonstrate that the result of his sentence would have been different or that he was caused any prejudice by counsel's alleged failure to introduce the related material. *Id.* at 694. Accordingly, the court determines that there is no legal basis for Movant's arguments on this issue. The court, therefore, **overrules** Movant's objection and **accepts** the Magistrate Judge's conclusion that Movant is not entitled to relief on his claim for counsel's alleged failure

to adequately object to the applicability of § 2G2.2(b)(6) and for counsel allowing him to stipulate to the use of a computer in his Factual Résumé.[3]

2. *Failure to Object to the Application of SORNA*

Movant maintains that counsel provided ineffective assistance by failing to object to the special conditions imposed on his sentence, including the requirement that he register as a sex offender under SORNA. As summarized in the Report, Movant asserted in his § 2255 Motion that:

> the PSR made no recommendation about special conditions[;] there was no notice that he might be subjected to the special conditions[;] the court did not make findings related to the special conditions[;] the period of time that he must register under SORNA exceeded the statutory maximum punishment[;] and the offense was not one that required the special conditions and sex-offender registration.

Report 9-10. In the Report, the Magistrate Judge determined that Movant raised these issues on appeal, and that the Fifth Circuit's holding that no nonfrivolous issue exists applies to the Movant's arguments related to the imposition of SORNA as well.

As previously discussed, Movant contends that these issues were not before the Fifth Circuit in his direct appeal. In his Objections, however, he asserted the following:

> With respect to the special conditions and SORNA, the stated grounds for appeal could not have been clearer. Those stated grounds include lack of prior notice; lack of stated reasons; lack of factual findings in support; conditions in excess of the statutory maximum; sentencing in absentia; due process[;] and individualized sentence rights violations. Each numbered condition began with the phrasing, "Defendant appeals the procedural errors in imposing . . ." and those sections ended with the claim that the errors amount to a sentence in excess of the statutory maximum.

---

[3] Movant does not address this issue in Objections, but he raises it in his § 2255 Motion. Upon review of the record, the court determines that the arguments related to § 2G2.2(b)(6) and the stipulation are the same. Thus, the court determines that Movant's assertion that his counsel was ineffective for allowing him to stipulate to his use of a computer is without merit.

Movant's Obj. 9. This assertion contradicts Movant's theory and, instead, demonstrates that his objection to the imposition of SORNA and other special conditions *were* raised on appeal. *See* Def.'s Resp. to *Anders* Br. 7-11, 20-30, *Freed*, No. 15-10637 (Feb. 16, 2016) (detailing his objections to the application of § 2G2.2(b)(6), the special conditions of supervised release, and sex-offender registration under SORNA). The use of the word "procedure" in the header and "substantive procedural error" sprinkled throughout his response is quite beside the point. Despite Movant's focus on wordplay, the essence of his argument is that there was an error in his sentencing because § 2G2.2(b)(6) and the special conditions, including sex offender registration under SORNA, were improperly applied.

Whether the assertion is that the court erred by not considering Movant's arguments or that his counsel failed to adequately present his objections, the court determines that couching them as an ineffective assistance of counsel claim is merely a distinction without a difference. The court, therefore, agrees with the Magistrate Judge that the Fifth Circuit has already deemed Movant's arguments underscoring his Objections as frivolous.

As previously discussed, counsel is not considered ineffective for failure to raise meritless or futile arguments or objections. Thus, Movant's counsel was not deficient for failing to object to the imposition of SORNA. Additionally, Movant admits that he raised an objection to the imposition of SORNA *pro se*, and the court overruled this objection as well. Considering this, he fails to demonstrate how counsel's efforts would have been different or would have changed the outcome of his sentencing. He also fails to demonstrate how his counsel's alleged inaction caused him any prejudice. The court, therefore, determines that Movant is not entitled to the requested relief for the reasons herein discussed and, accordingly, **overrules** Movant's objection on this issue.

### 3. Failure to Provide Additional Assistance

Movant objects to the Magistrate Judge's determination that he failed to show (1) what evidence counsel should have discovered and presented to the court at his sentencing hearing, (2) that his counsel's performance was deficient, and (3) that he suffered any prejudice by his counsel's alleged failure to "investigate and present evidence of mitigating circumstances, prepare a sentencing memorandum, and argue for a non-guideline sentence." Report 5, 10; *see also* Movant's Obj. 9-10. In his Objections, Movant contends that he provided such detail in his § 2255 Motion and further stated that: (1) he personally wrote and prepared all of the objections to the PSR because counsel did not give much attention to his case; (2) counsel should have presented to the court the commentary items Movant gathered supporting the inapplicability of § 2G2.2(b)(6); and (3) counsel should have provided the court the sentencing memorandum, which was drafted months in advance of the sentencing hearing. Movant fails, however, to demonstrate what evidence, if any, would have changed the outcome of his sentencing.

As previously discussed, Movant's counsel objected to the applicability of § 2G2.2(b)(6) and the special conditions at his sentencing hearing. Movant and his mother also testified on his behalf. After considering the arguments and testimony presented, the court overruled both objections. While the commentary Movant presents here was not presented to the court at the hearing, the court determines that Movant's arguments are without merit and would not have changed the court's ruling on these issues for the reasons herein discussed. Additionally, Movant failed to demonstrate why his counsel's decision not to file a sentencing memorandum was unreasonable and not merely based on trial strategy after considering all of the facts at issue. Without more, Movant has failed to establish that his counsel's alleged failure to file a sentencing memorandum or argue for a non-guideline sentence constitutes deficient performance, or that he

suffered any prejudice due to counsel's inaction. Movant, therefore, is not entitled to relief based on this issue, and, accordingly, the court **overrules** Movant's objections. As Movant has failed to meet his burden on each basis upon which his ineffective assistance claim relies, the court determines that Movant is not entitled to relief on his ineffective assistance of counsel claim, and, accordingly, his § 2255 Motion is **denied with prejudice.**

III. **Conclusion**

Having reviewed the record in this case, the Report, and applicable law, and having conducted a de novo review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the Magistrate Judge are correct and **accepts** them, as supplemented by this opinion, as those of the court. Accordingly, the court **overrules** Movant's Objections (Doc. 34), **denies** his request for a hearing,[4] and **denies with prejudice** his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2). Accordingly, this action is hereby **dismissed with prejudice**.

**It is so ordered** this 17th day of January, 2020.

Sam A. Lindsay
United States District Judge

---

[4] The Magistrate Judge concluded that the record is clear that Movant is not entitled to relief on his claims, and, thus, no hearing is required. Report 11. Movant did not object to this recommendation, and based on the court's review of the record, it agrees that a hearing is not required or necessary. Therefore, it accepts the Magistrate Judge's conclusion and will not conduct a hearing on Movant's § 2255 Motion.